UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                    BKY No.: 10-44574

Jacob Holdings of Stillwater LLC,                                                          Chapter 7

        Debtor.

NOTICE OF HEARING
AND EXPEDITED MOTION TO APPROVE
SETTLEMENT AGREEMENT

TO:   THE ENTITIES SPECIFIED IN LOCAL RULE 9013.

     1.   Patti J. Sullivan, the Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy Case, moves the Court for the relief requested below and gives notice of hearing herewith.

     2.   The Court will hold a hearing on this Motion at 10:00 a.m. on September 8, 2010, in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, Minnesota 55415, or as soon thereafter as counsel can be heard. Under applicable rules, any objection must be in writing and must be delivered to the Trustee and the United States Trustee. Because of the expedited nature of this hearing, the Trustee will not object, as to timeliness, to any response that is delivered to the Trustee prior to the hearing. UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

     3.   This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This Motion arises under 11 U.S.C. §§ 547, 548, 550 and 551, Fed. R. Bankr. P. 7005, 7007 and 9019(a), and Local Rule 9019-1, and is filed pursuant to Local Rules 9006-1(e), 9013-1, 9013-2 and 9013-5. The Trustee seeks approval of a Settlement Agreement between the Trustee and Cornerstone Bank (the "Bank"), Cornerstone Holding Company, Inc. ("Holding") and Blackstone Financial LLC ("Blackstone") (the Bank, Holding and Blackstone are collectively referred to as "Cornerstone"). The Settlement Agreement is attached hereto as Exhibit A.

6. If approved, the Settlement will resolve all claims among and between Cornerstone and the Trustee in this bankruptcy case and all claims between such parties in Adversary Proceeding presently pending under the caption *Patti J. Sullivan v. Cornerstone Bank, et al.*, Adv. No. 10-4515 (the "Adversary Proceeding").

## BACKGROUND

7. The Bank is a North Dakota corporation. Prior to the commencement of this bankruptcy case, the Bank made loans to various entities owned and controlled by Dennis E. Hecker ("Hecker"). Hecker, who is currently a debtor in bankruptcy in the bankruptcy case captioned *In re Dennis E. Hecker*, Bky. No. 09-50779, personally guaranteed repayment of certain of the loans.

8. In Fall 2009, many of the loans were overdue, and Cornerstone sought to restructure the indebtedness and to add collateral to secure repayment of the loans. To that end, in December 2009, Hecker and several entities he owned and controlled entered into new transactions involving, in some instances, the assumption of debt by a new Hecker entity and the grant of additional collateral to Cornerstone. Among other things, Hecker caused the Debtor in this case, Jacob Holdings of Stillwater, LLC ("Jacob Holdings"), to grant to Cornerstone a first

2

lien and mortgage upon a previously unencumbered 18.6 acre parcel of real estate in Forest Lake, Minnesota (the "Property") owned by the Debtor and legally described in <u>Exhibit B.</u>

9. Jacob Holdings later granted to Cornerstone a deed in lieu of foreclosure related to the Property.

**THE ADVERSARY PROCEEDING**

10. The Trustee has alleged in the Adversary Proceeding that the transfers of the Mortgage and deed in lieu of foreclosure were preferential or fraudulent transfers and seeks to avoid the transfers and to recover the Property and mortgage for the benefit of the bankruptcy estate pursuant to applicable provisions of the Bankruptcy Code and state law.

11. In its Answer in the Adversary Proceeding, Cornerstone has denied receiving any fraudulent or preferential transfers.

12. Subsequent to the transfers at issue, Cornerstone has paid property taxes associated with the Property in the amount of $68,875.56, thereby preserving and benefitting the Property.

**THE PROPOSED SETTLEMENT**

13. Pursuant to the terms of the Settlement Agreement, Cornerstone has agreed that the transfers of the mortgage and the deed in lieu of foreclosure, shall be avoided and recovered by the Trustee pursuant to 11 U.S.C. §§ 547, 548 and 550 and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551. Cornerstone has further agreed to execute and deliver to the Trustee a quit-claim deed related to the Property, pursuant to which Cornerstone shall convey to the Trustee all of Cornerstone's remaining right, title and interest in and to the Property.

14. In exchange, the Trustee has agreed to grant to Cornerstone a first priority lien in and to the proceeds from the eventual sale of the Property in the amount of $68,875.56, as

3

reimbursement for Cornerstone's payment of property taxes related to the Property. Cornerstone shall have no other lien or interest in the Property.

15. Upon approval of the Settlement Agreement, the parties will enter into a Stipulation to dismiss the Adversary Proceeding. Pursuant to the Settlement Agreement, Cornerstone will further release any claims it may have against the Trustee or the Estate of Jacob Holdings of Stillwater, LLC, and the Trustee, on behalf of the Estate of Jacob Holdings of Stillwater, will release any claims against Cornerstone.

16. The Trustee believes that the Settlement Agreement is in the best interests of creditors and of the estate. To the Trustee's knowledge at this juncture of the proceedings, the Property is far and away the single largest asset of Jacob Holdings, and consummation of the settlement will therefore fulfill a primary objective of this case.

## REQUEST FOR EXPEDITED RELIEF

17. The Trustee requests expedited approval of the Settlement Agreement. By its terms, the Settlement Agreement is contingent upon the Court's entry of an Order approving the proposed Settlement Agreement between Cornerstone and Randall L. Seaver ("Seaver"), the Chapter 7 trustee in the bankruptcy case captioned *In re Dennis E. Hecker*, Bky. No. 09-50779 (Bankr. D. Minn.).

18. In his motion to approve his settlement with Cornerstone, Seaver has requested expedited relief in view of an impending trial in one of the adversary proceedings at issue in the Seaver/Cornerstone settlement. Because Cornerstone has conditioned its willingness to settle upon approval of both settlements, and given the exigencies attendant to the motion filed by Seaver, the Trustee respectfully requests expedited relief.

19. Expedited approval of the Settlement Agreement will also prevent further

depletion of estate assets in the Adversary Proceeding, as the parties have initiated discovery and will begin to incur costs to respond to such discovery.

20. Pursuant to Local Rule 9013-2, the Trustee gives notice that she may, if necessary, testify at the hearing regarding the proposed settlement.

WHEREFORE, the Trustee requests an Order of the Court:

1. Granting the Trustee's motion for expedited hearing.

2. Granting the Trustee's motion for approval of the Settlement Agreement.

Dated: September 1, 2010

LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.

By: /e/ *James M. Jorissen*
    Matthew R. Burton
    James M. Jorissen
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
(612) 332-1030

ATTORNEYS FOR PATTI J. SULLIVAN TRUSTEE

# VERIFICATION

I, Patti J. Sullivan, Trustee for the Bankruptcy Estate of Jacob Holdings of Stillwater, LLC, the moving party named in the foregoing Notice of Hearing and Expedited Motion to Approve Settlement Agreement, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on September 1, 2010

                                                                                                                     ____/e/ *Patti J. Sullivan*_____
                                                                                                                       Patti J. Sullivan

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 10-44574 |
| Jacob Holdings of Stillwater LLC, | Chapter 7 |
| Debtor. | |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into among and between the following parties:

- PATTI J. SULLIVAN, in her capacity as trustee for the Chapter 7 Estate of Jacob Holdings of Stillwater LLC (the "Trustee");

- CORNERSTONE BANK, a North Dakota state bank with a business address of 2280 45th Street South, Fargo, North Dakota 58104 (the "Bank");

- CORNERSTONE HOLDING COMPANY, INC., a North Dakota corporation ("Holding"); and

- BLACKSTONE FINANCIAL, LLC, a North Dakota limited liability company ("Blackstone").

The Bank, Holding and Blackstone are hereafter collectively referred to as "Cornerstone."

## RECITALS

WHEREAS, the Trustee is the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case; and

WHEREAS, there is presently pending in the United States Bankruptcy Court for the District of Minnesota an adversary proceeding under the caption *Patti J. Sullivan v. Cornerstone Bank, et al.*, Adv. No. 10-4515 (the "Adversary Proceeding"); and

WHEREAS, the Trustee has alleged in the Adversary Proceeding that Cornerstone received fraudulent or preferential transfers from the Debtor (the "Transfers") of a mortgage and

deed in lieu of foreclosure in relation to a previously unencumbered 18.6 acre parcel of real estate in Forest Lake, Minnesota owned by the Debtor and legally described in <u>Exhibit A</u> (the "Real Property"); and

WHEREAS, the Trustee has asserted claims in the Adversary Proceeding to avoid the Transfers and recover the Real Property pursuant to 11 U.S.C. §§ 547, 548 and 550 and to preserve the lien of the Mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551; and

WHEREAS, Cornerstone has denied that it received any fraudulent or preferential transfers from the Debtor and further alleges the Debtor is the alter ego of Dennis E. Hecker; and

WHEREAS, the Trustee and Cornerstone have reached a settlement pursuant to which Cornerstone will relinquish all of its right, title and interest in and to the Real Property to the Trustee for the benefit of the estate in exchange for the grant of a lien in any proceeds from the eventual sale of the Real Property in an amount sufficient to reimburse Cornerstone for amounts paid by Cornerstone to cover real estate taxes on the Real Property for 2009 and the first-half of 2010; and

WHEREAS, under the circumstances, the Trustee believes that the settlement is in the best interests of creditors and the bankruptcy estate, and that continued pursuit of the avoidance claims in the Adversary Proceeding would be unwise and result in unwarranted depletion of assets of the estate with no likelihood that a more favorable outcome could be obtained.

## **AGREEMENT**

NOW, THEREFORE, in consideration of the mutual promises and undertakings of the parties, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereto hereby acknowledge.

IT IS HEREBY AGREED:

1. <u>Avoidance of Transfers</u>. The Transfers of the mortgage and the deed in lieu of foreclosure shall be avoided and recovered by the Trustee pursuant to 11 U.S.C. §§ 547, 548 and 550 and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551. Cornerstone shall further execute and deliver to the Trustee a quit-claim deed related to the Real Property, pursuant to which Cornerstone shall convey to the Trustee all of Cornerstone's remaining right, title and interest in and to the Real Property, except as otherwise provided in Paragraph 2.

2. <u>Lien and Reimbursement</u>. Cornerstone shall be granted a first priority lien upon the Real Property, which lien shall secure payment, upon the sale of the Real Property, of the amount of $68,875.56 as reimbursement for property taxes paid by Cornerstone in relation to the Real Property. To perfect this lien, Cornerstone may record this Agreement, and any Order approving this Agreement, in the appropriate office for recording. Upon receipt of the $68,875.56, Cornerstone shall have no other interest in the proceeds from sale or in the Real Property. Cornerstone shall not be obligated to pay any future property taxes in relation to the Real Property. The lien shall be due and payable upon sale of the Real Property by the Trustee.

3. <u>Dismissal of the Adversary Proceeding</u>. Upon court approval of this Agreement, the parties agree to enter into a stipulation to dismiss the Adversary Proceeding.

4. <u>Release and Waiver of Claims</u>. Cornerstone hereby releases and waives all known and unknown present and future claims, counterclaims, actions, losses, damages, costs, and expenses (including attorneys' fees) against the Trustee and the Bankruptcy Estate of Jacob Holdings of Stillwater LLC. The Trustee, for and on behalf of the Bankruptcy Estate of Jacob Holdings of Stillwater LLC, hereby releases and waives all known and unknown present and future claims, counterclaims, actions, losses, damages, costs, and expenses (including attorneys' fees) against Cornerstone, its predecessors, successors, and assigns along with the current and

former officers, directors, board members, shareholders, members, employees, agents, representatives, parent corporations, subsidiaries and affiliates.

5. <u>No Admission of Fault</u>. Cornerstone's entry into this Agreement shall not be interpreted as an admission of any fault or wrongdoing. This Agreement is entered into in compromise of disputed claims.

6. <u>Bankruptcy Court Approval</u>. This Agreement shall be construed and interpreted under the laws of the State of Minnesota and all obligations herein are subject to and conditioned upon final approval of the United States Bankruptcy Court. This Agreement is also conditioned upon Bankruptcy Court approval of that certain Settlement Agreement between Cornerstone and Randall L. Seaver, trustee for the Estate of Dennis E. Hecker, in *In re Dennis E. Hecker,* Bky. No. 09-50779 (Bankr. D. Minn.). If approval is not obtained by October 1, 2010, this Agreement shall become null and void. In the interim, the parties to this Agreement agree to stay and indefinitely extend all pending and future discovery deadlines in the Adversary Proceeding.

7. <u>Further Assurances</u>. Should any additional instruments be necessary or desirable to accomplish the purpose of this Agreement, such additional instruments will be promptly executed and delivered upon the request of the other party. The Trustee shall, immediately upon execution of this Agreement, take such actions as are necessary to obtain an order, in form and substance acceptable to the parties, approving this Agreement.

8. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which, upon execution, shall constitute but one and the same Agreement.

9. <u>Complete Agreement</u>. It is specifically understood and agreed that the consideration recited herein is in full, final, and complete compromise, settlement, accord and satisfaction of disputed claims, and there are no covenants, promises, or undertakings outside of

this Agreement other than as specifically set forth herein.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date set forth below.

Dated: 9/1/10

_____
Patti J. Sullivan, Trustee

Dated: 9-1-10

CORNERSTONE BANK, a North Dakota corporation.

By: _____

Its: Chairmen/CEO

Dated: 9-1-10

CORNERSTONE HOLDING COMPANY, INC., a North Dakota corporation.

By: _____

Its: Chairmen

Dated: 9-1-10

BLACKSTONE FINANCIAL, LLC, a North Dakota limited liability company

By: _____

Its: Agent

iManage\128411O.3-APM

5

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No.: 10-44574

Jacob Holdings of Stillwater LLC,  Chapter 7

Debtor.

## MEMORANDUM IN SUPPORT OF EXPEDITED
## MOTION TO APPROVE SETTLEMENT

### INTRODUCTION

Patti J. Sullivan, Chapter 7 Trustee for the Estate of Dennis Hecker (the "Trustee") seeks the approval of a Settlement Agreement (the "Agreement") with Cornerstone Bank, Cornerstone Holding Company, Inc. and Blackstone Financial, LLC (collectively "Cornerstone") in the above-captioned proceeding. As discussed more fully below, the Trustee believes that the compromise embodied in the proposed settlement is in the best interests of the estate. Approval of the settlement with Cornerstone will avoid litigation expense and uncertainty and, preserve assets of the bankruptcy estate and result in a significant recovery.

### STATEMENT OF FACTS

The Trustee incorporates by reference the factual averments set forth in the accompanying verified Expedited Motion to Approve Settlement Agreement ("Motion").

### ARGUMENT

Federal Rule of Bankruptcy Procedure 9019(a) provides that "the Court may approve a compromise or settlement." There are no perfect settlements, merely a range of reasonable settlements. *PW Enterprises, Inc. v. Kaler* (*In re Racing Services, Inc.*) 332 B.R. 581, 586 (8th Cir. BAP 2005). If the proposed settlement falls within the range of reasonable settlements, it

may be approved by the Court. *Id*. The Court may approve the settlement, even over objections, if it is found to be in the best interest of the estate as a whole. *La'Teacha Tigue v. Sosne* (*In re La'Teacha Tigue*), 363 B.R. 67, 72 (8th Cir. BAP 2007) (*citing Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1135 (8th Cir. 1984)).

In determining whether the settlement is in the best interest of the estate:

> [T]he Court must consider: 1) the probability of success in the litigation; 2) the difficulties, if any, to be encountered in the matter of collection; 3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; 4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*. Application of these factors demonstrates that the settlement should be approved.

The proposed settlement will resolve an Adversary Proceeding captioned *Patti J. Sullivan v. Cornerstone Bank, et al.*, Adv. No. 10-4515 (the "Adversary Proceeding"). In the Adversary Proceeding, the Trustee seeks to avoid the Debtor's prepetition transfer of a mortgage and the Debtor's later grant of a deed in lieu of foreclosure in favor of Cornerstone in relation to a previously unencumbered 18.6 acre parcel of real estate in Forest Lake, Minnesota (the "Property") owned by the Debtor. Cornerstone will relinquish its liens and other interests in the Property to the Trustee for the benefit of the estate. In exchange, the Trustee has agreed to grant Cornerstone a lien in the Property in an amount sufficient to reimburse Cornerstone for property taxes Cornerstone paid related to the Property, which amounts are to be paid to Cornerstone upon the eventual sale of the Property.

Although the Trustee is quite confident that she will prevail in the pending Adversary Proceeding, there is no guarantee of ultimate success. The proposed settlement, moreover, recovers everything the estate could reasonably expect to recover in the Adversary Proceeding, as Cornerstone would likely have a priority claim on account of its payment of property taxes that would be paid ahead of the claims of all other creditors. Cornerstone is also releasing any

claims it might otherwise have against the estate. Under the circumstances, the proposed settlement is in the best interests of the estate, and the Court should approve the settlement.

## **CONCLUSION**

For all of the foregoing reasons, the Trustee respectfully requests that the Court approve the Settlement Agreement.

Dated: September 1, 2010

LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.

By: /e/ *James M. Jorissen*
    Matthew R. Burton
    James M. Jorissen
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
(612) 332-1030

ATTORNEYS FOR PATTI J. SULLIVAN
TRUSTEE

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

BKY No. 10-44574

In re:

                                                   Chapter 7

Jacob Holdings of Stillwater,

            Debtor.

_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2010, I caused the following documents:

> *Notice of Hearing and Expedited Motion to Approve Settlement Agreement; Memorandum in Support of Expedited Motion to Approve Settlement; and Proposed Order*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

**SEE ATTACHED SERVICE LIST**

                                                            /e/ Valerie Rittenbach

Dated: September 1, 2010                       _____

                                                    Valerie Rittenbach
                                                    100 South Fifth Street, Suite 2500
                                                    Minneapolis, MN 55402
                                                    (612) 332-1030

427221

**JACOB HOLDINGS OF STILLWATER**
**BKY CASE NO.: 10-44574**

**SERVICE LIST**

JACOB HOLDINGS OF STILLWATER LLC
C/O RANDALL L SEAVER
12400 PORTLAND AVE STE 132
BURNSVILLE, MN 55337

BANKRUPTCY ESTATE OF DENNIS E HECKER
C/O RANDALL L SEAVER
12400 PORTLAND AVE STE 132
BURNSVILLE, MN 55337

CHRYSLER FINANCIAL SERVICES AMERICAS LLC
ATTN LEGAL
27777 INKSTER RD
FARMINGTON HILLS, MI 48334

CORNERSTONE BANK
2627 S UNIVERSITY AVE
FARGO, ND 58103

DENNIS E HECKER
1615 NORTH RIDGE
MEDINA, MN 55391

OFFICE OF THE SECRETARY OF STATE
60 EMPIRE DR STE 100
ST PAUL, MN 55103

424556

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                                                BKY No.: 10-44574

Jacob Holdings of Stillwater LLC,                             Chapter 7

           Debtor.

## ORDER

This case is before the court on the motion of Patti J. Sullivan, trustee seeking an order authorizing approval of a settlement agreement with Cornerstone Bank, Cornerstone Holding Company, Inc. and Blackstone Financial, LLC (collectively "Cornerstone").

Based on the motion and the files and records,

IT IS ORDERED:

1.     The trustee's motion for approval of the settlement agreement is granted.

Dated: _____

                                                                             _____
                                                                             Robert J. Kressel
                                                                              United States Bankruptcy Judge