UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In the Matter of:

Jacob Holdings Of Stillwater LLC,  Chapter 7
  Case No. 10-44574
       Debtor.

## NOTICE OF SALE

To: The United States Trustee, all creditors and other parties in interest.

On September 26, 2011, or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the debtor named above will sell property of the estate as follows:

The trustee will sell the estate's interest in commercial real estate located in Washington County, Minnesota at 22510 Everton Avenue, Parcel ID #07-032-21-24-0004) and 22552 Everton Avenue, Parcel ID #07-032-21-24-0003 in Forest Lake, MN, legally described as:

Lang Parcel A

That part of the Northeast 1/4 of the Southwest 1/4 and that part of the South 1/2 of the South 1/2 of the Northwest Quarter, both in Section 7, Township 32, Range 21, Washington County, Minnesota, described jointly as follows:

Commencing at the South Quarter corner of said Section 7; thence North on the North-South quarter line of said section 7, a distance of 2383 feet to the point of beginning; thence continuing North on said quarter line, 467 feet; thence West a distance of 200 feet; thence North parallel with said North-South Quarter line, a distance of 125 feet; thence East a distance of 200 feet to said North-South quarter line; thence North on said Quarter line, 308 feet, more or less, to the Northeast corner of the South 1/2 of the South 1/2 of the Northwest Quarter of said Section 7; thence Westerly along the North line of said South 1/2 of the South 1/2 of the Northwest 1/4, a distance of 910 feet, more or less, to the point of intersection with a line drawn parallel with and distant 910 feet West of the North-South quarter line of said section 7; thence South, parallel with said quarter line 900 feet, more or less, to the point of intersection with a line drawn West from the point of beginning; thence East on said line, 910 feet to the point of beginning.

## Long Parcel B

That part of the South half of the South half of the Northwest Quarter (S ½ of S ½ of NW 1/4) of Section (7), Township thirty-two (32) North, Range Twenty-one (21) West, Washington County, Minnesota, described as follows:

Commencing at the South quarter corner of said Section 7; thence North along the North-South quarter line a distance of 2850.00 feet to the point of beginning; thence West a distance of 200.00 feet; thence North, parallel with said North-South quarter line, a distance of 125.00 feet; thence East a distance of 200 feet to said north-south quarter line; thence South a Distance of 125.00 feet to the point of beginning, Washington County, Minnesota.

The buyer is Raymond K. Newkirk. The sale price is $200,000.00. The trustee originally filed a notice of sale to the buyer which is reflected at docket #33. The purchase agreement allowed the buyer to terminate the sale if, after his due diligence, he determined, among other things, that he could not build a 100,000 square foot office building. After consulting with his builder, the buyer decided to cancel the purchase agreement. The buyer, Raymond K. Newkirk, has now submitted a new offer and has removed all contingencies, except for the requirement of obtaining clear title. In determining whether or not to accept the offer, the trustee considered a number of factors including the length of time the property has been for sale, costs associated with holding the property, including insurance coverage, and continued accrual of real estate taxes. Also, the trustee has been informed that Everton Avenue is now a county road and requires a turning lane road into the property (driveways), and two entrances across from the existing property driveways. This is an additional expense of approximately $25,000 to $30,000 to be paid for by the buyer. Although the vacant land consists of approximately 18.6 acres, only 4.76 are buildable. The buyer understands the buildable area is an approximation.

The trustee will pay the normal and customary costs of sale including deed tax, recording and abstracting fees. In addition, the following fees (approximate amounts for 2011 taxes, actual amount prorated to date of closing) will be paid from the sale proceeds:

|  |  |
|---|---|
| Parcel A – first half 2011 taxes | $18,662.65 |
| Parcel A – second half 2011 taxes (prorated) | $ 9000.00 |
| Parcel A – delinquent taxes | $20,147.25 |
| Parcel A – levied assessments | $ 6,418.60 |
|  | $54,228.50 |
|  |  |
| Parcel B – first half 2011 taxes | $1,097.25 |
| Parcel B – second half 2011 taxes (prorated) | $ 734.99 |
| Parcel B – delinquent taxes | $1,273.34 |
| Parcel B – levied assessments | $1,035.30 |
|  | $4,140.88 |
|  |  |
|  | $54,228.50 |
|  | + $ 4,140.88 |
|  | $58,369.38 |

In addition, the trustee has retained Gary Hugeback of Integrated Real Estate Service, Inc. as broker in this transaction and will pay the commission of 8%, or $16,000.00 to Mr. Hugeback at closing.

The trustee seeks authority to pay the closing costs described herein from the proceeds of sale. The buyer will pay any closing fee or charge imposed by any closing agent designated by the title company.

The balance of the proceeds are estimated at $125,630.62. From these proceeds, Cornerstone Bank holds a priority lien in the sale proceeds in the amount of $68,875.56 on the property and shall be paid this amount at the closing. The trustee will also pay liability insurance estimated at approximately $2,724.42 at the closing.

The chapter 7 bankruptcy administrative fees and expenses equal approximately $28,000. The applications (trustee, attorney and accountant) for approval of these fees and expenses will be submitted when the trustee files her final report.

According to the tax records of Washington County, the 2011 taxable market value of the two parcels is $907,500.00 ($879,500 + $28,000). The county's assessed value has not changed in over five years. The prior owner, Cornerstone Bank, received an appraisal for the property by Riley Real Estate, Inc. on January 13, 2009 in the amount of $1,810,000.

Cornerstone Bank, the prior owner, had the property listed with Gaughan Companies in Forest Lake for over a year and received no offers. Prior to retaining a realtor, the trustee sent letters to eleven surrounding area businesses regarding the sale of the property. Menards had some interest, but declined to make an offer. The trustee has discussed this sale with an auctioneer who advised her that given the current real estate market, a sale at auction would not necessarily result in more proceeds for the bankruptcy estate. The trustee has received no other offers to purchase the property and believes the sale of the property, pursuant to the terms set forth herein, to be in the best interest of creditors, as the cost to hold the property will continue to increase and the estate is not guaranteed of any other offers.

**OBJECTION: MOTION: HEARING.** Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The trustee will schedule the hearing with notice by the trustee to the objecting party and the United States Trustee.

| Clerk of Bankruptcy Court | United States Trustee | Trustee |
|---|---|---|
| U.S. Bankruptcy Court | 1015 U.S. Courthouse | (see address below) |
| 301 U.S. Courthouse | 300 South 4th Street | |
| 300 South Fourth Street | Minneapolis, MN 55415 | |
| Minneapolis, MN 55415 | | |

Dated: August 26, 2011.
/e/ Patti J. Sullivan
Patti J. Sullivan, Trustee        #170124
1595 Selby Avenue, Suite 205
St. Paul, MN 55104
(651) 699-4825